FILED
SUPERIOR COURT
OF GUAM

2021 AUG 25 PM 12: 19

CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **GUAM HOUSING AND URBAN RENEWAL AUTHORITY, DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES, GOVERNMENT OF GUAM,**<br><br>Plaintiffs,<br><br>v.<br><br>**REX INTERNATIONAL, INC.; FIRSTNET INSURANCE COMPANY; AND DOES 1-30,**<br><br>Defendants. | **Civil Case No. CV0844-20**<br><br>**DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO EXCEED NUMBER OF INTERROGATORIES** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on July 26, 2021 for hearing on Defendant FirstNet Insurance Company's ("FirstNet's") Motion to Exceed Number of Interrogatories ("Motion"). Assistant Attorney General Yusuke Haffeman-Udagawa represents the Plaintiffs, and Attorney Thomas Tarpley, Jr. represents FirstNet. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** FirstNet's Motion.

### BACKGROUND

On November 13, 2020, the Plaintiffs filed their complaint against the Defendants. Complaint at 1 (Nov. 13, 2020). Plaintiffs allege Rex International Inc. ("Rex International") breached a contract to construct a Guam Environmental Public Health lab facility after failing to adhere to the building requirements specified in the contract. Id at 6. Specifically, Plaintiffs allege 150 different deficiencies found in the lab facility. Notice and Request to Exceed Number of Interrogatories, Ex. A (Apr. 22, 2021). Plaintiffs also brought suit against FirstNet for breach of

Decision and Order Granting Defendant's Motion to Exceed Number of Interrogatories
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International Inc., et. al.*
Page **1** of **5**

surety responsibilities after FirstNet failed to pay out a performance bond related to Rex International's supposed breach of contract. Id. at 12-14.

On April 22, 2021, FirstNet filed their Notice and Request to Exceed Number of Interrogatories. FirstNet is requesting additional interrogatories so they can obtain a declaration and computation of monetary damages as to each of these 150 individual deficiencies/claims. Notice and Request to Exceed Number of Interrogatories at 2 (Apr. 22, 2021).

On May 5, 2021, Plaintiffs filed their Opposition to Notice and Request to Exceed Number of Interrogatories ("Opposition"). Plaintiffs claim FirstNet misconstrued GRCP 26(b)(2), believing the rule addresses requests to *limit*, rather than to *exceed* the number of interrogatories otherwise allowed. Id. at 2. Plaintiffs also opposed the sheer number of requested interrogatories as "unreasonable and harassing on its face." Id. at 3. Lastly, Plaintiffs allege FirstNet failed to comply with Local Court Rule CVR 33.1(a), for failing to include "good cause" reasons behind the request. Id. at 3.

On May 6, 2021, FirstNet filed their Reply to Opposition ("Reply"). FirstNet argued that the computation of damages was required as an "Initial Disclosure" under GRCP Rule 26(a)(1)(C), and that the Plaintiffs' Opposition amounts to noncompliance of their required discovery obligations. Reply at 2 (May 6, 2021).

On July 7, 2021, FirstNet filed their Ex Parte Motion to Exceed Number of Interrogatories. By bringing their Notice and Request as a formal motion, FirstNet addressed the Plaintiffs' concerns that FirstNet's original Notice and Request failed to adhere to the Local Rules of the Superior Court of Guam, Civil Rule 7.1. *See* Opposition at 2 (May 5, 2021).

The Court held a hearing on July 26, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I.    **The Court has authority to increase the number of interrogatories allowed pursuant to GRCP 26(b)(2).**

The Plaintiffs claim that FirstNet's Motion misconstrues GRCP 26(b)(2). Opposition at 2 (May 5, 2021). The Plaintiffs believe GRCP 26(b)(2) only allows the Court to limit the

Decision and Order Granting Defendant's Motion to Exceed Number of Interrogatories
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International Inc., et. al.*
Page **2** of **5**

number of interrogatories to a number less than that otherwise allowed, and that it does not allow the Court to expand the number of interrogatories permitted. Id. at 2.

Pursuant to Rule 33(a), "any party may serve upon any other party written interrogatories, *not exceeding 50 in number* including all discrete subparts, to be answered by the party served." GRCP 33(a) (emphasis added). However, parties may serve "additional interrogatories" with leave of court "to the extent consistent with the principles of Rule 26(b)(2)." GRCP 33(a). Under Rule 26(b)(2), "the court may alter the limits… on the number of… interrogatories." GRCP 26(b)(2).

Despite Plaintiffs, contentions, there is nothing to suggest that Rule 26(b)(2) only allows the Court to lower rather than raise the number of interrogatories allowed. The general language used in Rule 26(b)(2) suggests the Court can both increase and decrease the number of interrogatories allowed, since it does not specify that such alterations must only be decreases. In fact, courts routinely allow parties to serve a larger number of interrogatories than otherwise allowed with leave of court or a stipulation from the opposing party. *Safeco of America v. Rawstron*, 181 F.R.D. 441, 443 (C.A. Cal. 1998). Thus, the Court does have the authority to increase the number of interrogatories allowed beyond the limit of 50 outlined in Rule 33(a).

## II. The number of requested interrogatories is neither unreasonable nor harassing.

The Plaintiffs next opposed FirstNet's Motion on the grounds that the sheer number of requested interrogatories is "unreasonable and harassing on its face." Opposition at 2 (May 5, 2021).

Under GRCP 26(b)(2), the Court may limit the number of interrogatories if "the discovery sought is unreasonably cumulative or duplicative" or if "the burden or expense of the proposed discovery outweighs its likely benefit." GRCP 26(b)(2)(i)-(iii).

Here, each of FirstNet's requested interrogatories concern valuations to a different claimed deficiency, and thus are neither unreasonably cumulative nor duplicative. Furthermore, the benefit of the proposed discovery outweighs the expense because the Plaintiffs are requesting the full penal amount of the Performance Bond ($2,178,200). There is a need to

Decision and Order Granting Defendant's Motion to Exceed Number of Interrogatories
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International Inc., et. al.*
Page 3 of 5

determine whether the Plaintiffs' alleged deficiencies actually sum to $2,178,200 or whether the Plaintiffs are demanding the full Performance Bond amount due to the mere existence of a deficiency (no matter its accompanying loss in value). Lastly, there is nothing to indicate these additional interrogatories were requested either to harass the Plaintiffs or for any other improper purpose. Thus, the Court finds the number of requested interrogatories neither unreasonable nor harassing.

**III.    FirstNet included a "good cause" reason behind their request for additional interrogatories.**

Lastly, Plaintiffs oppose FirstNet's Motion on the grounds that FirstNet failed to include a "good cause" reason behind their request for additional interrogatories, thus violating Local Court Rule CVR 33.1(a). Opposition at 3 (May 5, 2021).

Pursuant to Local Court Rule CVR 33.1(a), any party desiring to serve additional interrogatories shall submit to the Court a written memorandum setting forth the proposed additional interrogatories or requests for admission and the reasons establishing good cause for their use." Local Court Rule CVR 33.1(a).

FirstNet has done exactly that when they submitted their Notice and Request to Exceed Number of Interrogatories. FirstNet laid out their proposed additional interrogatories as being computations of monetary damages for each of the Plaintiffs' 150 claimed deficiencies. Notice and Request to Exceed Number of Interrogatories at 2 (Apr. 22, 2021). FirstNet also explained to the Court, through written memorandum, that these requests were to determine if the dollar amounts of each individual claim/deficiency rose to the full penal amount of the Performance Bond that the Plaintiffs are seeking ($2,178,200). *See* Reply at 2 (May 6, 2021). FirstNet has provided a good cause reason behind their additional interrogatory requests, as they must have an idea of the values in dispute behind each claim, and why the full penal amount of the Performance Bond is being requested. Thus, FirstNet has demonstrated compliance with Local Court Rule CVR 33.1(a).

## CONCLUSION

Decision and Order Granting Defendant's Motion to Exceed Number of Interrogatories
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International Inc., et. al.*
Page 4 of 5

For the reasons stated above, the Court **GRANTS** FirstNet's Motion. FirstNet shall be given leave of court to ask additional interrogatories concerning the declaration and computation of monetary damages for each of the 150 individually claimed deficiencies.

IT IS SO ORDERED this <u>August 25, 2021</u>.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

___A G , Torres___
___T. TARPLEY___

Date:_____ Time:_____ 8/25/2/
Joseph Bamba, Jr.
_____
Deputy Clerk, Superior Court of Guam

Decision and Order Granting Defendant's Motion to Exceed Number of Interrogatories
CV0844-20, *Guam Housing and Urban Renewal Authority, et. al. v. Rex International Inc., et. al.*
Page **5** of **5**